IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA LITTLETON, | ) |
| Plaintiff, | ) ) ) ) No. 08 CV 2122 ) |
| v. | ) Judge Conlon ) |
| OPTION ONE MORTGAGE CORPORATION; WELLS FARGO BANK. N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT5 and DOES 1-5, | ) Magistrate Judge Valdez ) ) ) ) ) |
| Defendant. | ) |

**DEFENDANTS OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK N.A., AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Option One Mortgage Corporation ("*Option One*") and Wells Fargo Bank N.A., as Trustee ("*Wells Fargo*") (collectively "*Defendants*"), by and through their attorneys, Chapman and Cutler LLP, hereby submit their answer and affirmative defenses to Plaintiff's Amended Complaint ("*Complaint*") as follows:

### INTRODUCTION

1.   Plaintiff brings this action against a "subprime" mortgage lender, its assignees and a mortgage broker to secure redress for predatory lending practices in violation of the Truth in Lending Act ("*TILA*") and TILA's implementing regulations.

**ANSWER:**   Defendants admit that Plaintiff purports to assert a claim against Defendants based on a violation of TILA. Defendants deny that Plaintiff is entitled to redress under TILA, that Plaintiff has brought this action against a mortgage broker, and the remaining allegations contained in Paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. Sects. 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental) and 15 U.S.C. Sect. 1601, *et seq.* ("TILA")

**ANSWER:** Defendants admit that this Court has subject matter over Plaintiff's TILA claim (Count I), but deny the remaining allegations contained in Paragraph 2.

3. Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Defendants admits that Option One does business in this District and resides here for purposes of venue. Defendants deny the remaining allegations in paragraph 3.

**PARTIES**

4. Plaintiff Barbara Littleton owns and resides in a home located at 8402 South Euclid Avenue, Chicago, Illinois 60617. She is an ordinary consumer.

**ANSWER:** Defendants admit that the Plaintiff is the mortgagor of real property located at 8402 South Euclid Avenue, Chicago, Illinois 60617. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore deny such allegations.

5. Defendant Option One Mortgage Corporation (*"Option One"*) is a California corporation that does business in Illinois. Its principal place of business is located at 3 Ada, Irvine, California 92618. Its Illinois registered agent and office are CT Corporation System, 208 S. LaSalle Street, Suite #814, Chicago, IL 60604.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6. Option One is or was engaged in the business of originating sub-prime mortgage loans. Option One originated more than 26 mortgage loans in 2007. Option One originated plaintiff's loan. Its affiliate, Option One Mortgage Services, Inc., presently services plaintiff's loan

**ANSWER:** Defendants admit that Option One was in the business of originating mortgage loans, originated more than 26 mortgage loans in 2007, and originated Plaintiff's loan. Defendants deny the remaining allegations in Paragraph 6.

7.  Defendant Wells Fargo Bank, N.A. ("*Wells Fargo*"), is a federally chartered bank, insured and regulated by the FDIC, with headquarters in San Francisco, CA. Wells Fargo does extensive business in Illinois. Among other things, it purchases and holds, as trustee, legal title to residential, sub-prime mortgage loans originated by other lenders.

**ANSWER:** Defendants admit that Wells Fargo Bank, N.A. is a federally chartered bank that does business in Illinois, but deny any inference that Wells Fargo Bank, N.A. is party in this case. Defendants deny the remaining allegations in Paragraph 7.

8.  On information and belief, Wells Fargo Bank, N.A., as Trustee for Certificate Holders of Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5 – is the name of the trust in which plaintiff's loan is presently held.

**ANSWER:** Defendants admit the allegations contained in Paragraph 8.

9.  If Wells Fargo is not the present owner of plaintiff's loan, as alleged, the current actual owner(s) is/are named herein as Does 1-5. Ownership of such loans is not a matter of public record.

**ANSWER:** Defendants admit that Plaintiff purports to name Does 1-5 as defendants in this case. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore deny such allegations.

10.  Prior to July 26, 2007, plaintiff received a phone call at her home from Ian Tepper, the President of Wall Street Mortgage Acceptance Corporation (*"Wall Street Mortgage"*), a mortgage broker that, at that time, was licensed by the Division of Banking of the Illinois Department of Financial and Professional Regulation (*"Division of Banking"*).

**ANSWER:** Defendants admit that Wall Street Mortgage was the mortgage broker in connection with Plaintiff's mortgage loan. Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore deny such allegations.

11.  During the initial call, after asking plaintiff questions about her income and outstanding debts, Tepper made an appointment to come to plaintiff's home.  He asked plaintiff to have documentation of her income ready to show him.  Plaintiff believed that the purpose of the visit was for him to get information for a loan application and to provide her with a quote of the best loan terms he could offer her.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore deny such allegations.

12.  At the meeting in her home, plaintiff provided Tepper with her recent paystubs from both of her jobs and with W-2s for 2005 and 2006.  She gave him the originals.  He said he would make copies and return them to her.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny such allegations.

13.  Tepper told plaintiff that he would try to get her a loan with an interest rate below 9.0% but that, in any event, she would pay less than she was paying on her then-current mortgage loan.  Tepper also told plaintiff that her monthly payment, consisting of principal and interest and escrow amounts for real estate taxes and insurance, would be approximately $900.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny such allegations.

14.  At the meeting, plaintiff signed a number of documents.  At the end of the meeting, Tepper told her, "I'm pretty sure you'll get this mortgage."  He said he would call plaintiff in approximately three days.

**ANSWER**:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny such allegations.

15.  Before Tepper left her home, plaintiff asked Tepper for copies of the documents she signed.  Tepper told her that he did not bring any extra copies with him but that he would mail

her copies when he got back to the office that day. It was a Saturday. He told plaintiff she would have her copies through the mail by Monday.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny such allegations.

16. Plaintiff never received any documents in the mail or through any other means. In fact, plaintiff never saw nor heard from Tepper again. She never got back the originals of the personal documents she provided to Tepper. She was never provided with any preliminary disclosures for the loan (such as a Good Faith Estimate or a preliminary TILA Disclosure Statement).

**ANSWER:** Defendants deny that Plaintiff was not provided with any documents and preliminary disclosures in connection with her mortgage loan. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore deny such allegations.

17. Early in the following week, plaintiff had changed her mind and did not want to proceed any further with the loan. She phoned Tepper several times at the number on the business card he left her. She could not reach him, and he did not return her calls. Within a week, the phone number she had for him had been disconnected. Plaintiff also consulted an attorney, who also attempted but could not reach or locate Tepper or Wall Street Mortgage.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny such allegations.

18. Several days later, plaintiff received in the mail a check for cash. In late August or early September 2007, plaintiff received a statement from Option One showing the principal amount of a mortgage loan and requesting a first payment. At that point, plaintiff concluded that the loan was a "done deal" and that there was nothing else she could do but to start making payments in order to avoid losing her home.

**ANSWER:** Defendants admit that Plaintiff received statements from Option One requesting loan payments and that Plaintiff received a check from the proceeds of her mortgage loan. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore deny such allegations.

19. Upon receiving the first statement, plaintiff faxed a letter to Option One requesting copies of all documents she signed for the loan. Approximately two weeks later, plaintiff received a few documents in the mail from Option One.

**ANSWER:** Defendants admit that Option One received a request for loan documents from Plaintiff and that documents were mailed to Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore deny such allegations.

20. The documents plaintiff received consisted of shrunken copies of:

   a. A Note (Exhibit A);

   b. A Mortgage (Exhibit B);

   c. A HUD-1 Settlement Statement (Exhibit C);

   d. A final Truth In Lending Disclosure Statement (Exhibit D); and

   e. An appraisal.

**ANSWER:** Defendants admit that the documents set forth in Paragraph 20 are among those that Plaintiff received in connection with her mortgage loan, but deny any inference that Plaintiff only received the listed documents.

21. No other documents were included in the package plaintiff received. Among other missing documents, there were no copies of the federal Notice of Right to Cancel form.

**ANSWER:** Defendants deny the allegations in Paragraph 21.

22. Tepper, Wall Street Mortgage and Option One gave plaintiff a "3/27" adjustable rate loan with a starting interest rate of 9.75% (Exhibit A). The rate enters its adjustable phase in August, 2010, at which time it may increase to 11.25%. (Id.). Thereafter, it may increase by 1.5% in each 6-month period, up to a maximum of 15.75%. (Id.).

**ANSWER:** Defendants deny that Tepper or Wall Street gave Plaintiff a loan. Defendants admit that Option One made Plaintiff a 3/27 adjustable rate loan with a starting interest rate of 9.75%.

Defendants admit that the other rates set forth in the Paragraph 22 represent the highest possible rates and increases of rates for Plaintiff's loan.

23.     Plaintiff's initial payments under the loan were actually $1,153.00, and she recently received notice that the payment has increased (inexplicably) to $1,343.00.  On information and belief, even the initial payment amount was higher than the payment plaintiff was making under her previous mortgage loans.

**ANSWER:**   Defendants deny the allegations in Paragraph 23 concerning the dollar amount of Plaintiff's monthly payments for her loan. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore deny such allegations.

24.     The HUD-1 Settlement Statement indicates plaintiff was charged points and fees in the amount of at least $6,124.17 or 5.89 percent of the principal loan amount of $104,000.  The points and fees included $1,685.00 to Option One (Exhibit C, lines 802, 812 & 813) and $3,095.00 to Wall Street Mortgage (Exhibit C, lines 803 & 808-810).  On information and belief, total points and fees for the loan exceeded 6%.

**ANSWER:**   Defendants admit that the points and fees in connection with Plaintiff's mortgage loan included $1,685.00 to Option One.  Defendants deny the remaining allegations contained in Paragraph 24.

25.     On November 9, 2007, the Illinois Secretary of State involuntarily dissolved Wall Street Mortgage.  However, judging from its website (last checked April 14, 2008), it is still in business.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore deny such allegations.

26.     In February, 2008, for no apparent reason Option One stopped sending monthly account statements to plaintiff.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 26.

27.     Plaintiff is current on her payments.

**ANSWER:**   Defendants admit the allegations contained in paragraph 27.

28.   Because she was not provided with, at the time of "closing," any disclosures concerning the loan terms, nor copies of the federal Notice of Right To Cancel, plaintiff never had a meaningful opportunity to comprehend either (a) the loan terms or (b) her federal right to cancel the loan.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 28.

29.   Because she does not have a full set of closing documents, plaintiff may seek leave to amend her complaint and to join additional defendants based upon documents and information she obtains for the first time through discovery.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 29.

### COUNT I – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

30.   Plaintiff incorporates paragraphs 1-29.  This count is against Option One Mortgage Corporation and Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5.

**ANSWER:**   Defendants restate and incorporate their responses to paragraphs 1-29 as though fully stated herein.

### RIGHT TO RESCIND

31.   Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. Sect. 1635 and 12 C.F.R. Sect. 226.23.  Sect. 226.23 provides:

   (a)   *Consumer's right to rescind.*

      (1)   In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (A) of this section.[fn]47

      (2)   To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for

telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(A) of the Act. [15 U.S.C. §1635(1)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) *Notice of right to rescind.*  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires ....

(f) Exempt transactions.  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny such allegations.

### GROUNDS FOR RESCISSION

32. In connection with the loan, Option One or its agent failed to provide plaintiff with any federal Notice of Right to Cancel forms, in violation of 12 C.F.R. Sect. 226.23(b) above.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32.

33. In addition, Option One or its agent failed to provide plaintiff with timely financial disclosures, in violation of 15 U.S.C. Sect. 1637, 12 C.F.R. Sect. 226.18 and the corresponding sections of the Official Federal Reserve Board (*"FRB"*) Commentary on Regulation Z. Defendant did not provide plaintiff with any preliminary TILA Statement and did not provide her with a final TILA Disclosure Statement until months after the transaction was consummated.

**ANSWER:** Defendants deny the allegations contained in Paragraph 33.

34. Either violation alone is sufficient to confer on plaintiff the extended, three-year right to rescind the loan.

**ANSWER:** Defendants deny the allegations contained in Paragraph 34.

35. Plaintiff sent notification to defendants of her intent to rescind the loan (Exhibit E).

**ANSWER:** Defendants admit that Plaintiff sent the notification referred to in paragraph 35 to Option One.

36. The loan has not been rescinded.

**ANSWER:** Defendants admit the allegations contained in Paragraph 36.

37. Under 15 U.S.C. Sect. 1641(c), the right to rescind may be exercised against "any assignee."

**ANSWER:**   Defendants admit that 15 U.S.C. 1641(c) provides a right to rescind, where it exists, which may be exercised against an assignee.  Defendants deny that Plaintiff has a right to rescind.

    38.    In addition, 15 U.S.C. Sect. 1635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**   Defendants admit that 15 U.S.C. Sect. 1635(g) provides as set forth in Paragraph 38.  Defendants deny that Plaintiff is entitled to the relief set forth therein.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT – INDIVIDUAL CLAIM

    39.    Plaintiff incorporates paragraphs 1-29.  This count is against Option One Mortgage Corporation.

**ANSWER:**   Defendants restate and incorporate their responses to paragraphs 1-39 as though fully stated herein.

    40.    The Illinois High Risk Home Loan Act (*"IHRHLA"*) defines a "high risk home loan" as "a home equity loan in which ... (ii) the total points and fees payable by the consumer at or before closing will exceed the greater of 5% of the total loan amount or $800 ...." 815 ILCS 137/10.  "Points and fees" include anything that is defined as "points and fees" under HOEPA, an amendment to TILA.

**ANSWER:**  Defendants admits that the IHRHLA provides in part as set forth in Paragraph 40.  Defendants deny that Option One violated the IHRHLA.

    41.    The IHRHLA imposes advance disclosure requirements for a loan in which the points and fees exceed the 5% threshold.  Option One provided no advance disclosures to plaintiff.

**ANSWER:** Defendants admit that the IHRHLA imposes advance disclosure requirements for a loan in which points and fees exceed the 5% threshold. Defendants deny the remaining allegations contained in Paragraph 41.

42. In addition, plaintiff's loan does not comply with the IHRHLA, in that 815 ILCS 137/55 provides that "No lender shall transfer, deal in, offer, or make a high risk home loan that finances points and fees in excess of 6% of the total loan amount." The total points and fees for the loan, exceeding 6%, were all financed.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

43. The IHRHLA, 815 lLCS 137/135(b), provides that "Any knowing violation of this Act constitutes a violation of the Consumer Fraud and Deceptive Business Practices Act."

**ANSWER:** Defendants admit that IHRHLA, 815 ILCS 137/13(b) provides as set forth in Paragraph 43, but deny that Option One violated the IHRHLA.

44. Option One knowingly violated the HRHLA by charging, or authorizing the charging of, points and fees in excess of 6%, in violation of the IHRHLA, and by failing to provide the special advance disclosures required by the IHRHLA.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44.

45. Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:** Defendants deny the allegations contained in Paragraph 45.

46. Defendant engaged in such conduct for the purpose of inducing reliance by plaintiff in the form of her proceeding, without proper information, with the loan transaction.

**ANSWER:** Defendants deny the allegations contained in Paragraph 46.

47. Plaintiff was damaged as a result.

**ANSWER:** Defendants deny the allegations contained in Paragraph 47.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendants submit the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against the Defendants and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or any other relief from the Defendants.

### SECOND AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over Plaintiff's state law claim.

### THIRD AFFIRMATIVE DEFENSE

Any relief Plaintiff purports to be entitled to was the result of acts or omissions of third parties over whom the Defendants have neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her purported damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to reimbursement for any purported liability to Plaintiff, which Defendants deny, by Plaintiff's mortgage broker, the closing agent, and the title insurer for Plaintiff's loan.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Wells Fargo Bank. N.A., as Trustee for TILA damages is barred because no TILA violation is apparent on the face of the disclosure statement received by Wells Fargo Bank, N.A., as Trustee and because Plaintiff's loan is not covered by HOEPA.

**TENTH AFFIRMATIVE DEFENSE**

If it should be determined that Plaintiff is entitled to rescission, Defendants' obligation to rescind the loan and release its lien must be conditioned upon Plaintiff's reimbursement or other return to Defendants of all funds disbursed on her behalf in connection with the subject loan, less any finance charges paid to date.

**ELEVENTH AFFIRMATIVE DEFENSE**

Option One reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and factual developments in the case.

WHEREFORE, Defendant Option One Mortgage Corporation prays as follows:

(1) That the Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit herein incurred;

(3) If this Court should rule that Plaintiff is entitled to rescind the mortgage loan in this case:

   a. That any obligation on the part of the Defendants to rescind and to release its lien be conditioned on Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the Defendants in connection with the loan, less any finance charges paid to date;

   b. Plaintiff be required to make such reimbursement or other return to the Defendants on date certain; and

(4) For such other and further relief as the Court may deem just and proper.

Dated: June 27, 2008

- 15 -

                        Respectfully submitted,

OPTION ONE MORTGAGE CORPORATION and
   WELLS FARGO BANK, N.A., AS TRUSTEE FOR
   THE CERTIFICATE HOLDERS OF SOUNDVIEW
   HOME LOAN TRUST 2007-OPT5, ASSET-
   BACKED CERTIFICATES, SERIES 2007-OPT5


By  _____/s/ *Stephen Todd Sipe*_____
            One of Their Attorneys

Dianne E. Rist
S. Todd Sipe
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
(312) 845-3454

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 27, 2008, a copy of the foregoing **DEFENDANTS OPTION ONE MORTGAGE CORPORATION AND WELLS FARGO BANK N.A., AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

Al Hofeld Jr.<br>
LAW OFFICES OF AL HOFELD JR., LLC<br>
208 S. LaSalle Street, Suite #1650<br>
Chicago, Illinois 60604

                                              /s/ *Stephen Todd Sipe*
                                                 S. Todd Sipe