IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA LITTLETON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2122 |
| OPTION ONE MORTGAGE CORPORATION; WELLS FARGO BANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2007-OPT5, ASSET-BACKED CERTIFICATES, SERIES 2007-OPT5; AND DOES 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | Judge Conlon Magistrate Valdez |
| OPTION ONE MORTGAGE CORPORATION | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| ABSOLUTE TITLE SERVICES, INC. | ) ) | |
| Third Party Defendant. | ) | |

**DEFENDANT OPTION ONE MORTGAGE CORPORATION'S THIRD PARTY COMPLAINT AGAINST ABSOLUTE TITLE SERVICES, INC.**

NOW COMES Defendant Option One Mortgage Corporation ("*Option One*"), by and through its attorneys, Chapman and Cutler LLP, and for its Third Party Complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure against Third Party Defendant Absolute Title Services, Inc. ("*Absolute Title*") respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Barbara Littleton ("*Plaintiff*") has filed an amended complaint asserting a claim against Option One based on the Truth in Lending Act, 15 U.S.C. 1601 *et seq.* ("*TILA*") in

connection with a mortgage loan made by Option One to Plaintiff in July 2007 ("*Mortgage Loan*").

2. Specifically, Plaintiff alleges that she is entitled to rescind her Mortgage Loan because she did not receive copies of the loan documents during the closing for her Mortgage Loan, including two completed copies of the notice of right to cancel.

3. Option One contracted with Absolute Title to conduct the closing for Plaintiff's Mortgage Loan and expressly instructed Absolute Title in writing to provide Plaintiff with signed and dated copies of all loan documents, including two copies of the notice of right to cancel. After the closing, an agent of Absolute Title provided Option One with an affidavit testifying that she personally conducted the closing and provided Plaintiff with required loan documents.

4. Plaintiff's TILA rescission claim is predicated on the alleged wrongful actions of Absolute Title in failing to follow Option One's written closing instructions. Specifically, Plaintiff alleges that Absolute Title failed to comply to Option One's closing instructions by: (1) not conducting the closing itself; and (2) not providing Plaintiff with copies of the loan documents.

5. In connection with her duties as closer for the Mortgage Loan, an agent of Absolute Title signed the closing instructions provided by Option One, and further signed an Addendum to the instructions on behalf of Absolute Title agreeing to indemnify Option One for losses incurred as a result of any failure to follow Option One's closing instructions.

6. In this Third Party Complaint, Option One asserts an indemnification claim against Absolute Title seeking to recover all losses incurred by Option One in connection with Plaintiff's TILA rescission claim in the event that judgment is entered in Plaintiff's favor for this claim.

## THE PARTIES

7. Third Party Plaintiff Option One is a California corporation with its principal place of business located in Irvine, California. Option One was the originating lender of the Mortgage Loan.

8. Third Party Defendant Absolute Title is, upon information and belief, an Illinois corporation with its principal place of business in Schaumburg, Illinois.

## JURISDICTION

9. This Court has jurisdiction over Option One's third party claim against Absolute Title under Federal Rule of Civil Procedure 14 because Option One's right to relief against Absolute Title arises out of the same transaction or occurrence as the subject matter of Plaintiff's amended complaint.

## FACTUAL BACKGROUND

10. Plaintiff entered into the Mortgage Loan with Option One on July 26, 2007.

11. In connection with the Mortgage Loan, Option One provided written closing instructions ("*Closing Instructions*") to Absolute Title that included the following directives:

> Closing Agent to provide Borrowers with signed and dated copies of all loan documents.
>
> **CLOSING AGENT MUST PROVIDE EACH BORROWER AND PERSON WITH OWNERSHIP INTERST IN THE PROPERTY TWO (2) COMPLETED, SIGNED, AND DATED COPIES OF THE NOTICE OF RIGHT TO CANCEL**

See Exhibit A, p. 2 (emphasis in original).

12. Option One thus specifically instructed Absolute Title to provide Plaintiff with copies of all loan documents, including two copies of the notice of right to cancel.

13. The Closing Instructions also included an Addendum signed by an agent of Absolute Title, in which Absolute Title agreed "to abide by all of [Option One's closing instructions]" and "to take full responsibility, indemnify, and hold [Option One] harmless against any loss incurred as a result of its deviation from [the closing instructions]." See Exhibit A, p. 7.

14. In addition, Absolute Title provided Option One with an affidavit signed by its agent stating under penalty of perjury that it conducted the closing and that Plaintiff received (a) one copy of the TILA Disclosure and (b) two copies of the Notice of the Right to Cancel with the dates completed during the closing. See Exhibit B.

15. However, in direct contrast with both the Closing Instructions and Absolute Title's affidavit, Plaintiff has alleged that her mortgage broker, not Absolute Title, conducted the closing for the Mortgage Loan and that she was not provided with copies of any loan documents after the closing, including two completed copies of the notice of right to cancel.

16. Based on these allegations, Plaintiff has asserted a claim against Option One for rescission of her Mortgage Loan under TILA.

## COUNT I – CONTRACTUAL INDEMNIFICATION

17. Option One incorporates paragraphs 1-16 as if fully set forth herein.

18. If Plaintiff's allegations in support of her TILA rescission claim are proven, Option One is entitled to indemnity from Absolute Title for all losses and expenses incurred as a result since such losses would be attributable to Absolute Title's failure to follow Option One's closing instructions.

19. Option One contracted with Absolute Title to conduct the closing for Plaintiff's Mortgage Loan, provided written instructions in connection with the closing, and reasonably relied on Absolute Title to conduct the closing in accordance with Option One's instructions.

20. Option One's Closing Instructions required Absolute Title to conduct the closing itself and to provide Plaintiff with signed and dated copies of all loan documents, including two copies of the notice of right to cancel.

21. Absolute Title agreed to indemnify Option One for any and all losses incurred by Option One as a result of any failure to follow the Closing Instructions.

22. Plaintiff predicates her TILA rescission claim on the allegation that Absolute Title, contrary to the Closing Instructions, did not conduct the closing and did not provide Plaintiff with copies of her loan documents during the closing.

23. Consequently, if judgment is granted in favor of Plaintiff on her TILA rescission claim against Option One, Option One is entitled to be indemnified by Absolute Title for all losses (including attorneys' fees and costs) incurred in connection with Plaintiff's TILA rescission claim.

WHEREFORE, Option One requests that if judgment is granted in favor of Plaintiff for TILA rescission against Option One, then Option One may recover against Absolute Title any and all losses in connection with the TILA rescission claim, including attorneys' fees, and any other relief that the Court deems necessary and just.

Dated: July 22, 2008

                                                   Respectfully submitted,

                                                   OPTION ONE MORTGAGE CORPORATION

                                                       */s/ Stephen Todd Sipe*
                                                            S. Todd Sipe

Dianne E. Rist
S. Todd Sipe
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL  60603
(312) 845-3000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 22, 2008, a copy of the Defendant Option One Mortgage Corporation's Third Party Complaint Against Absolute Title Services, Inc. was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties and interested persons may access this filing through the Court's system.

Al Hofeld Jr.<br>
LAW OFFICES OF AL HOFELD JR., LLC<br>
208 S. LaSalle Street, Suite #1650<br>
Chicago, Illinois 60604

                                          */s/ Stephen Todd Sipe*
                                                S. Todd Sipe

# EXHIBIT A

Loan Number: 521060551          Servicing Number: 002331812-4          Date: 07/26/07

# INSTRUCTIONS TO CLOSING AGENT

BORROWER: BARBARA LITTLETON

DOCUMENT DATE: 07/26/07
DISBURSEMENT DATE: 07/31/07
BRANCH: Rolling Meadows
PROPERTY ADDRESS: 8402 S EUCLID AVE
CHICAGO, IL 60617-2260
COUNTY: Cook

MONTHLY PAYMENT:
P & I:    $893.52
TAX:      $118.87
INS.:     $139.69
FLOOD:    $0.00
MISC:     $0.00
TOTAL:    $1,152.08

TO: ABSOLUTE TITLE SERVICES, INC
2227 B HAMMOND
SCHAUMBURG, IL 60173
TITLE CLOSER
Phone: (847) 285-5900
Fax:   (847) 285-5997

TITLE CO: ABSOLUTE TITLE SERVICES
2227 B HAMMOND DR.
SCHAUMBURG, IL 60173
TITLE CLOSER
Phone: (847) 285-5900
Fax:   (847) 285-5997

CLOSING AGENT NO./: 49159

TITLE ORDER NO.: 49159

SALES PRICE:
LOAN AMOUNT: $104,000.00

INTEREST RATE: 9.750%
LOAN TERM: 360

FIRST PAYMENT DATE: September 01, 2007
LAST PAYMENT DATE: August 01, 2037

## TITLE INSURANCE REQUIREMENTS

**ACCEPTABLE TITLE POLICIES**

- ALTA POLICY - must contain endorsements: COMP EPA LOCATION NOTE ARM
- EAGLE TITLE POLICY - All inclusive/Comprehensive (If applicable) with liability in the amount of $ 104,000.00 on property described herein.
- ALTA LEASEHOLD POLICY (If applicable)
- ALTA SHORT FORM POLICY (When available)
- SECONDARY MARKET SHORT FORM POLICY (Stewart Title only)

Date and Time of Title Policy must be exactly as reflected on the Deed of Trust/Mortgage/Security Deed.

LIABILITY SUBJECT ONLY TO: (Gen. & Spec. taxes) Fiscal Year; COUNTY/PARISH: All 2006 Paid
CITY:                                            SCHOOL:
CITY/SCHOOL:                                     SPECIAL DISTRICT:
TOWN/TOWNSHIP/BOROUGH/PLANTATION:
VILLAGE:                                         SURFACE WATER MANAGEMENT:

Funds may be used for account of the vestees or mortgagors, and you will record all instruments when you comply with the following:

1. Issue said form of Policy showing name of insured to read
   Option One Mortgage Corporation, a California Corporation, Its
   Successors and/or Assigns

2. Issue said form of Policy showing title vested as shown below.
   Title must be vested in individuals only.
   BARBARA LITTLETON, AN UNMARRIED WOMAN

3. Issue said form of Policy free from encumbrances except items
   of Preliminary Title Report or Title Commitment dated 05/26/07        .

4. Survey exception, if applicable, MUST be removed from the title policy. If survey is required to remove the survey exception and issue the title policy as requested, contact the Lender prior to disbursement of funds.

5. VERIFICATION that vesting on Grant/Warranty Deed matches Deed of Trust/Mortgage/Security Deed.

6. All liens, judgements, delinquent or outstanding personal and/or property taxes must be paid in full and released or a partial reconveyance issued releasing our subject property. INDEMNIFICATIONS are NOT ACCEPTABLE. - PROOF OF PAYOFF IS REQUIRED.

7. This loan MUST record in    [X] First Lien Position     [ ] Second Lien Position.

8. Forward original title policy in duplicate directly to lender within 90 days of closing (see page 5)


# INSTRUCTIONS TO CLOSING AGENT (Continued)

## CLOSING AGENT "ADDITIONAL" REQUIREMENTS

1. Lender must approve Secondary Financing in the amount of 0.00 prior to closing. Closing Agent must record all secondary financing.
2. Debts and Liens to be paid at closing as referenced on page 3 of Instructions to Closing Agent (if applicable) may be estimates therefore the Closing Agent is responsible to obtain all payoff statements/demands to ensure the exact amount of all liens are paid as required at closing.
3. Closing Agent to provide Borrowers with signed and dated copies of all loan documents.
4. Closing Agent is instructed not to rush borrower with signing documents at closing. Closing Agent responsible to ensure loan documents are explained to borrower to the best of their ability, unless they are prohibited by state law from doing so, and notarized properly according to the date of execution of document by Borrower(s).
5. Lender requires Closing Agent or disinterested third party be present at closing, notarize the loan documents, and disburse all funds; disbursement to occur prior to recordation of the security instrument.
6. On a purchase transaction, closing agent to disburse proceeds only to seller. Any disbursement to any other person or entity must be listed on the HUD-1 and approved by lender prior to closing.
7. Closing agent to notify lender of any material fact that might influence the lender's decision to make the loan. Material facts include, but are not limited to, changes to the purchase contract, contribution of funds by persons other than the borrower without lender approval or payouts not supported by recorded instrument against title or specifically authorized in the closing instructions.
8. Closing agent to obtain original, unexpired, government-issued picture identification from the borrower at closing and confirm the borrower's identity.
9. Closing agent shall not pay any liens that are not recorded against the property or that are recorded between the date of the title commitment and closing without full disclosure to, and approval by, lender.
10. Refer to page 3 for additional conditions required prior to funding. Please note page 3 may be faxed to closing agent in addition to other documents requiring Borrower's signature.

## EXECUTION OF LOAN DOCUMENTS

1. **We do NOT allow Borrower's signature by Power of Attorney; seller signature by POA ONLY is acceptable.**
2. All Borrowers must initial as applicable and sign loan documents exactly as their name appears below the blank line provided for signature. If Borrower is unable to sign his/her name for any reason, contact Lender immediately. Additional conditions may be required prior to funding.
3. All signatures must be witnessed as required and notarized by a person authorized to take acknowledgments in the state of closing.
4. No changes may be made to any documents unless approved by Lender. Borrower must initial all corrections and changes to documents.
5. A completed and signed Borrower Affidavit with name variations is required if signatures vary from the names printed on the loan documents.
6. No liquid or tape white-out is permitted on loan documents.

## HUD-1 SETTLEMENT STATEMENT

1. Fax preliminary HUD-1 Settlement Statement to Lender prior to closing for approval.
2. The HUD-1 Settlement Statement must be completed at settlement, reflect address where settlement occurs under section H of HUD-1 and accurately reflect all receipts, payees and disbursements indicated in these Instructions to Closing Agent and any amended Instructions to Closing Agent subsequent hereto.
3. The HUD-1 Settlement Statement must reflect all paid outside of closing items, including property taxes and insurance premiums, and all monies paid by borrower and/or paid to seller.
4. All fees on the HUD-1 must match the Instructions to Closing Agent (Page 4) and Itemization of Amount Financed. Any changes or increases to fees as disclosed on loan documents may result in the loan being unfunded.
5. Forward original or certified signed copy of HUD-1 Settlement Statement to Lender as required (see page 5). Lender must approve changes made to HUD-1 after funding.

## PROPERTY INSURANCE REQUIREMENTS

1. Lender requires a copy of insurance policy or binder signed by insurance agent.
2. Lender loss payable endorsement (438BFU) must be included on policy in favor of Lender (see page 5).
3. Insurance company must have an acceptable rating with Demotech (A) or A.M. Best company (B+/Class III).
4. Refinance transactions, insurance policy require to be in effect at least 60 days from loan funding.
5. Purchase transactions, insurance policy require to be in effect within 30 days of closing for a term of 1 year.
6. Dwelling coverage must be equal to the lesser of loan amount (where allowed by state) or replacement cost.
7. Refer to Hazard Insurance and Requirements Authorization form for additional requirements.

## NOTICE OF RIGHT TO CANCEL (if applicable)

1. **CLOSING AGENT MUST PROVIDE EACH BORROWER AND PERSON WITH OWNERSHIP INTEREST IN THE PROPERTY TWO (2) COMPLETED, SIGNED, AND DATED COPIES OF THE NOTICE OF RIGHT TO CANCEL AT THE TIME OF EXECUTION OF THE LOAN DOCUMENTS.**
2. All parties who sign the Notice of Right to Cancel must initial any and all changes.
3. If any Borrower or other person having an ownership interest in the property indicates that he or she wishes to cancel this transaction, contact Lender immediately for further instructions.
4. Lender will not waive the rescission period on any loan subject to rescission.
5. The Notice of Right to Cancel must be properly signed and all dates completed. Your failure to provide a correctly dated and signed Notice of Right to Cancel may delay funding.

Re: Barbara Littleton

Loan Number: 521060551        Servicing Number:                Date: 7/26/2007

# INSTRUCTIONS TO CLOSING AGENT

### SPECIAL INSTRUCTIONS/CLOSING CONDITIONS
Please furnish the following items prior to the Disbursement of loan funds

1. Original signed and dated loan documents.
2. One certified copy of the Note and Deed of Trust/Mortgage/Security Deed (all pages and Riders). Original Deed of Trust/Mortgage/Security Deed should be sent directly to the Title Company or appropriate entity responsible for recordation at the time of disbursement of funds.
3. Your rate expires on 07/24/2007. Loan will be subject to repricing if it is not funded/purchased by this date.
4. Do not disburse without funding authorization
5. Actual recording charges as evidenced on HUD. Any overage refunded by Closing Agent and notify Lender of refund amount.
6. Closing Agent to verify Address/Phone Number Certification Form is signed and completed by Borrower(s)
7. All Closing Documents Must be Signed in Black Ball Point Pen
8. Attach Legible Copy of Legal Description to Security Instrument Prior to Recording
9. Borrower(s) to initial each page of Note where applicable
10. Closed loan package to be returned to Lender 24 hours after signing documents.
11. Closing Agent and Borrower(s) to sign where indicated on p. 6 of the Loan Instructions; ALL PAGES of Instructions to be returned to lender w/ closing pkg.
12. Closing Agent is Instructed not to Record Security Instrument Prior to Lender's Disbursement of Funds
13. Closing Agent is Responsible to Insure that Any Corrections Made to Docs Are Initialed by the Borrower(s)
14. Closing Agent Must Receive a Funding Number and Authorization to Disburse Funds Prior to Recording Security Instrument or Disbursing Funds to Borrower(s)
15. Estimated HUD or fee sheet for this transaction
16. Copy of Insured Closing Letter.
17. OOMC does not allow the use of a Power of Attorney except on purchase transactions and then from the seller only.
18. Original Loan Package at time of Disbursement is Required
19. Original marked-up Title Binder to be returned with closing package.
20. Taxes to be Paid Current at closing
21. Title Company to Notify Lender if Closing is Cancelled.
22. Must provide first lien letter with closing package.
23. CALL CARRIE AT 847-378-4733 FOR FUNDING AUTHORIZATION
24. FAX TO CARRIE AT 800-376-8218: HUD FOR REVIEW BEFORE LOAN CLOSES
25. PAY HAZARD INSURANCE IN FULL ON HUD $1676.31
26. 1003 SIGNED BY BORROWER

Please return signed loan documents and final HUD-1 Settlement Statement to the following address:

OPTION ONE MORTGAGE  :  3800 Golf Road, Suite 360  , Rolling Meadows, IL 60008

# INSTRUCTION TO CLOSING AGENT (Continued)
Break of Proceeds for Disbursement

| | | POC | (S) | Funds to Lender | Funds to Broker |
|---|---|---|---|---|---|
| Paid Outside Close: POC | | | | | |
| Paid by Seller: (S) | | | | | |
| **CLOSING COSTS** | | | | | |
| 801. Loan Origination Fee: | | | | | |
| 802. Loan Discount Points: Option One Mortgage Corporation | | | | $1,040.00 | |
| 803. Appraisal Fee: | | | | | $400.00 |
| 804. Credit Report Fee: | | | | | |
| 805. Commitment Fee: | | | | | |
| 806. Processing Fee: WALL STREET MORTGAGE ACCEPTANCE | | | | | $495.00 |
| 807. Application Fee: WALL STREET MORTGAGE ACCEPTANCE | | | | | $200.00 |
| 808. Broker Fee: WALL STREET MORTGAGE ACCEPTANCE | | | | | $2,000.00 |
| 809. Tax Service Contract: Premier Property Tax Services, LLC | | | | $80.00 | |
| 810. Funding Fee: Option One Mortgage Corporation | | | | $50.00 | |
| 811. Underwriting Fee: Option One Mortgage Corporation | | | | $595.00 | |
| 812. Property Inspection/AVM Fee: | | | | | |
| 813. Flood Certification Fee: AcuLink Mortgage Solutions | | | | $15.00 | |
| 814. Redraw Fee: | | | | | |

**INTEREST**
901. $28.17 Per Diem Interest for 1 Days
From 07/31/07 to 08/01/07 ............................................. $28.17

**IMPOUNDS/ESCROW:**
*(figures may be estimates, please check with your Closer.)*
| | | | |
|---|---|---|---|
| 1001. 3 mo. Hazard Ins. | @ $139.69 | $419.07 | |
| 1003. ___ mo. City Taxes | @ _____ | | |
| 1004. 6 mo. County Taxes | @ $118.87 | $713.22 | |
| 1006. ___ mo. | @ _____ | | |
| 1007. ___ mo. Wind/Huren Ins. | @ _____ | | |
| 1008. ___ mo. Flood Ins. | @ _____ | | |
| 1009. Aggregate Accounting Adjustment | | ($356.54) | |
| 1010. ___ mo. School Taxes | @ _____ | | |
| 1011. ___ mo. City/School | @ _____ | | |
| 1012. ___ mo. | @ _____ | | |
| 1013. ___ mo. | @ _____ | | |
| 1014. ___ mo. | @ _____ | | |
| 1015. ___ mo. | @ _____ | | |

**CREDITS**

208. Tax Escrow Impound Adjustment
209. Insurance Impound Adjustment

**TOTAL**                                                                 $2,583.92   $3,095.00

---

Please confirm these figures with Closer prior to Disbursement.

Loan Amount:           $104,000.00
Less Net funds to Lender:   $2,583.92
Additional Funds:

Total Wire (Full):       $101,416.08
Less Net Funds to Broker:
Total Wire (Split):

Loan Number: 521060551     Servicing Number: 002331812-4     Date: 07/26/07

# INSTRUCTIONS TO CLOSING AGENT (Continued)

Please reference the below information to ensure documentation is forwarded to correct address.

### *** ORIGINAL SIGNED LOAN DOCUMENTS

**RETURN WITHIN 24 HOURS OF SIGNING DOCUMENTS TO:**

Option One Mortgage Corporation
3800 Golf Road, Suite 360
Rolling Meadows, IL  60008
(847) 378-4600

### *** INSURANCE

**LENDER LOSS PAYABLE ADDRESS TO READ:**

Option One Mortgage Corporation
Its Successors and/or Assigns
P.O. Box 949
Orange, California  92856

### *** TITLE POLICY

**SEND ORIGINAL AND DUPLICATE COPY WITHIN 90 DAYS OF CLOSING DIRECTLY TO LENDER AND ADDRESSED IN CARE OF:**

Option One Mortgage Corporation, a California Corporation
Its Successors and/or Assigns
P.O. Box 57096
Irvine, CA  92619-7096
ATTN:  Records Management

### *** RECORDED SECURITY INSTRUMENT

**UPON RECEIPT FROM RECORDER OFFICE, IMMEDIATELY RETURN TO:**

Option One Mortgage Corporation
P.O. BOX 57096
Irvine, CA 92619-7096

ATTN:  Records Management

◄ DO NOT MODIFY THIS ADDRESS AS NOTED ON THE ORIGINAL SECURITY INSTRUMENT

### *** HUD-1 SETTLEMENT STATEMENT

(CLOSING STATES - FAX TO BRANCH 24 HOURS PRIOR TO CLOSING):
(FUNDING STATES - FAX OR MAIL WITHIN 24 HOURS OF FUNDING):

Loan Number: 521060551   Servicing Number: 002331812-4   Date: 07/26/07

# INSTRUCTIONS TO CLOSING AGENT (Continued)

## FRAUD ALERT!

Lender appreciates closing agents and attorneys who perform their critical fiduciary responsibilities in a professional manner. Recently, we have discovered that some closing agents and attorneys have committed or knowingly facilitated significant acts of fraud, including, but not limited to: altering title documents, back-dating loan documents so funds are disbursed before the rescission expiration date, falsifying HUD-1s, facilitating identity theft, committing notary fraud, turning a blind eye to false down payments (including fraudulent checks to evidence funds to close) and creating false payoff figures.

Lender requires the closing agent to conduct the closing in accordance with state and federal law, and lender's closing instructions. In addition, lender sells loans in the secondary market and the Investor requires adherence to closing instructions.

If closing agent has knowledge of items 1-5 noted below, lender requires closing agent to suspend disbursement of funds and notify lender immediately.

1. Closing agent has knowledge that the funds required from borrower at closing agent to suspend disbursement of Settlement statement are not from borrower's account. (Closing agent to accept funds to close directly from borrower and drown from their verified account.)
2. Closing agent discovers any party to the transaction has made a misrepresentation or becomes aware of any misconduct on the part of any party to the transaction, including but not limited to employees of lender.
3. Closing agent is related to the transaction in any other aspect, has knowledge of any relationship between the parties to the transaction, or if any other service providers have, previously or currently, any ownership interest in the property without proper disclosure to lender.
4. Closing agent has knowledge that the borrower does not intend to occupy the property and the loan is approved as owner-occupied.
5. Closing agent has any knowledge or belief that any document has been tampered with, generated falsely, contains fictitious name(s), contains incorrect or falsified date(s), has not been properly notarized in the presence of borrower(s), contains different names and addresses for the same party, or any party's handwriting is inconsistent.

Lender is committed to taking the strongest action - including criminal referrals, against closing agents and attorneys who, by these acts, create an increased risk of loss to our company and a bad reputation for the mortgage lender industry.

BORROWER HEREBY AGREES TO THE TERMS, INSTRUCTIONS, AND CONDITIONS AS STATED ON PAGES 1-7 OF THESE INSTRUCTIONS.

_Barbara Littleton_  7-26-07
BARBARA LITTLETON    Date

_____ Date    _____ Date

_____ Date    _____ Date

_____ Date

IF ANY OF THE FIGURES CHANGE PRIOR TO DISBURSEMENT, YOU MUST CONTACT LENDER PRIOR TO RECORDING FOR INSTRUCTIONS. IF YOU HAVE ANY QUESTIONS ON THE CHARGES, PLEASE NOTIFY LENDER.

Phone No.: (847) 378-4600

Funding/Closing Department

Fax No.: _____

CLOSING AGENT'S SIGNATURE HERETO INDICATES ITS UNDERSTANDING, ACCEPTANCE AND AGREEMENT TO FULLY COMPLY WITH ALL OF THE TERMS AND CONDITIONS AS STATED ON PAGES 1-7 OF THE INSTRUCTIONS TO CLOSING AGENT.

The total consideration in this transaction except for our loan and approved Secondary Financing, if any, must pass in the form of cash, through your settlement account. Do not record our Security Instrument if you have knowledge of a concurrent or subsequent transaction, involving the subject property or our Borrower, to be opened or closed upon completion of this transaction.

By signing below, Closing Agent certifies that neither Closing Agent, any corporate affiliate, officer, director, employee, or partner of Closing Agent has an interest, direct or indirect, in the subject loan or the property securing the loan, other than a claim for the fees indicated herein.

_[signature]_    7-26-07
Closing Agents Signature  TITLE CLOSER    Date

| | DISBURSEMENT CONFIRMATION | |
|---|---|---|
| **FUNDS MUST BE DISBURSED BY:** July 31, 2007 | Confirmed By: | Date: |
| | Confirmed With: | Time: |
| | Recording Date: | Instrument No.: |
| | Book: | Page: |

Loan Number: 521060551         Servicing Number: 002331812-4        Date: 07/26/07

# ADDENDUM TO INSTRUCTIONS TO CLOSING AGENT RELATING TO THIRD PARTY FEES

> As an Addendum to our enclosed instructions, please sign the following additional instructions for the attached closing/funding. We expect your complete adherence to these additional instructions.

1. Closing Agent ("Agent") agrees to abide by all of Lender's Instructions to Closing Agent, including but not limited to the assessment of <u>actual</u> recording charges and title insurance premiums on the HUD-1.

2. Agent agrees, at its sole cost and expense, to refund any overage in recording and/or title insurance charges to Borrower, notify Lender of refund amount, and provide evidence of refund.

3. Agent agrees to take full responsibility, indemnify and hold Lender harmless against any loss incurred as a result of its deviation from the Instructions to Closing Agent and Addendum.

4. Upon request by Lender, Agent shall defend same (in name of Lender, if so requested by Lender) by attorney and other professionals approved by Lender. Notwithstanding the foregoing, Lender may, in its sole discretion, engage its own attorney and other professionals to defend or assist in any such action. Upon demand, Agent shall pay or, in the sole discretion of Lender, reimburse Lender for the payment of reasonable fees and disbursements of attorneys and other professionals in connection therewith. No compromise or settlement shall be entered without Lender's consent.

I hereby certify that I have read the above instructions and shall comply accordingly.

_____        _____7-26-07_____
Closing Agent                           Date

Page 7 of 7                                            USD0121.wp (06-07-07)

# EXHIBIT B

Loan Number: 521060551  Servicing Number: 002331812-4  Date: 07/26/07

Borrower:
BARBARA LITTLETON

Property Address:

8402 S EUCLID AVE, CHICAGO, IL 60617-2260

# AFFIDAVIT OF SETTLEMENT AGENT

I, _Erica Vilella_, hereby certify to

Option One Mortgage Corporation

its successors and assigns (collectively, "Lender") that:

I acted as Settlement Agent in closing the real estate loan transaction by and between Lender and
_Barbara Littleton_
(individual or collectively, "Borrower") on _July 26, 2007_
(the "Settlement Date:").

On the Settlement Date, each person who signed the Promissory Note and/or the Mortgage/Deed of Trust/Security Deed as a borrower and/or Mortgagor/Trustor, and each person with an ownership interest as determined by applicable state law, respectively, received (a) one copy of the Truth-In-Lending Disclosure and (b) two copies of the Notice of Right To Cancel with the dates completed.

I further certify that each such person acknowledged, in writing and before me on the Lender's copy of the Notice of Right to Cancel, his/her receipt of the two copies of the Notice of Right to Cancel with the dates completed.

I make and deliver this Affidavit to Lender under penalty of perjury.

Signed this _26_ day of _July_, _2007_ at _____.

"Settlement Agent":

_[signature]_
Signature of Settlement Agent

_Erica Vilella_
(Type or print name of Settlement Agent)

ABSOLUTE TITLE SERVICES, INC
Business Name of Settlement Agent

2227 B HAMMOND
SCHAUMBURG, IL 60173
Business Address of Settlement Agent

(847) 285-5900
Business Telephone of Settlement Agent

Page 1 of 1

USD5021.wp (11-19-04)